**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-30094 |
| | ) | |
| G. William Fouss, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE

This case is before the court on Debtor's Motion for Order to Show Cause why Ellen Wichert and Terry J. Reppa ("Creditors") should not be held in contempt for violating the automatic stay imposed pursuant to 11 U.S.C. § 362 [Doc. # 16], and Creditors' response [Doc. # 23]. The court held a hearing on the motion at which counsel for Debtor and Creditors appeared in person. For the reasons that follow, Debtor's motion will be denied.

### BACKGROUND

The following facts are undisputed. Creditors commenced a civil action against Debtor in 2005 in the Cuyahoga County Court of Common Pleas. The case was scheduled for trial on August 6, 2008. At that time, an unopposed motion for judgment on the pleadings was decisional and pending in that case. Although Creditors appeared for trial, Debtor failed to appear, and the state court signed an order that was entered the next day on August 7, 2008, granting the motion for judgment on the pleadings.

Early in the morning of August 6, 2008, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, and later that day filed in the state court a notice of the filing of his bankruptcy case.

Thereafter, on August 12, 2008, the state court vacated its order granting the motion for judgment on the pleadings and stayed further proceedings in that case. No further action was taken in that case until after Debtor's bankruptcy case was dismissed on September 11, 2008, for failure to prosecute the case in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Then, on October 14, 2008, Creditors filed a motion in the state court action asking the court to annul the stay that was imposed during Debtor's bankruptcy case and rescind its order vacating the order granting Creditors' motion for judgment on the pleadings or, in the alternative, to reinstate the case and set the motion for judgment on the pleadings for hearing ("motion to vacate order or reinstate the case"). The motion to vacate order or reinstate the case went unopposed by Debtor, and on October 31, 2008, the state court entered an order vacating its August 12 order and reinstating its order granting the motion for judgment on the pleadings.

On January 8, 2009, Debtor filed a second Chapter 11 bankruptcy petition. Creditors were not listed as creditors on Debtor's bankruptcy schedules and were not served with notice of Debtor's bankruptcy. On or about April 7, 2009, Creditors discovered that Debtor had commenced another bankruptcy case and their attorney filed a notice of appearance and request for notice in this case.

## LAW AND ANALYSIS

Debtor seeks an order finding Creditors in contempt for willfully violating the automatic stay imposed under 11 U.S.C. § 362. Specifically, Debtor contends that Creditors violated the stay in his 2008 bankruptcy case by filing the motion to vacate order or reinstate the case on October 14, 2008. According to Debtor, a violation occurred because Creditors sought to vacate an order that would, and did, result in reinstating the earlier state court order granting the motion for judgment on the pleadings that was entered in violation of the automatic stay imposed in the 2008 case. In addition, Debtor contends that Creditors violated the stay in this 2009 case by asserting at a status conference the validity of the state court order that reinstated the order granting Creditors' motion for judgment on the pleadings. Because the court finds that the facts before it evidence no violation of the automatic stay, Debtor's motion will be denied.

Initially, the court questions the procedural propriety of Debtor seeking a contempt order in this case for an alleged violation of the automatic stay imposed in his 2008 case. However, even if proper, the action Debtor complains of, the filing of the motion to vacate order or reinstate the case, occurred after Debtor's 2008 case had been dismissed and the automatic stay had been terminated. *See* 11 U.S.C. § 362(c)(2). Because the automatic stay was no longer in effect, it could not be violated by Creditors on that date. That is not to say, however, that the state court order vacating its earlier order cannot be challenged. A serious question as to the validity of the state court order exists to the extent that the order is premised on the state

2

court annulling the automatic stay imposed in the 2008 Chapter 11 bankruptcy case. *See Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983) (stating that "[t]he legislative history of § 362(d) unambiguously identifies the bankruptcy court as the exclusive authority to grant relief from the stay"); 28 U.S.C. § 1334(a); 28 U.S.C. § 157(a), (b)(1) and (b)(2)(G); General Order 84-1, United States District Court for the Northern District of Ohio. However, the fact that the order ultimately may not be enforceable does not change this court's analysis. Creditors took no action relating to the state court case in violation of the stay imposed during the pendency of Debtor's 2008 bankruptcy case.

In addition, Creditors' counsel's oral assertions at the status conference in this case regarding the status of the state court action and the validity of the state court order does not constitute a violation of the automatic stay, in either case. As one court persuasively explained:

> "The [automatic] stay ensures that all claims against the debtor will be brought in a single forum, the bankruptcy court." *In re Flack*, 239 B.R. 155, 162 (Bankr. S.D. Ohio 1999). "The [bankruptcy] 'case' is the basis for taking control of all pertinent interests in property, dealing with that property, determining entitlements to distributions, the procedures for administering the mechanism, and discharging the debtor." *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 908 (9th Cir. BAP 1999). . . . [T]he automatic stay, therefore, does not protect a debtor or property of the debtor from actions taken in the bankruptcy case itself.

*Henkel v. Lickman (In re Lickman)*, 297 B.R. 162, 187 (Bankr. M.D. Fla. 2003).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor's Motion for Order to Show Cause [Doc. # 16] be, and hereby is, **DENIED,** without prejudice.